■ COLUMBIA EQUITIES, LTD., Appellant, v UNDERWRITERS AT LLOYD'S, LONDON, et al., Respondents, et al., Counterclaim Defendant.—Order, Supreme Court, New York County (Shirley Fingerhood, J.), entered April 22, 1991, which granted the motion by defendant Underwriters at Lloyd's, London ("Lloyds") for summary judgment dismissing the complaint, unanimously affirmed.

Judgment of the same court and Justice, entered August 13, 1991, which awarded defendant Lloyds taxable disbursements in the amount of $3,125.75, unanimously affirmed, with one bill of costs of these appeals.

The IAS Court properly determined that the fidelity coverage section of the Mortgage Broker's Blanket Bond Indemnity Insurance Policy issued by defendant Lloyds specifically excluded coverage for losses resulting from the allegedly unauthorized trading in United States Government Securities by plaintiff's former acting president, defendant Lublin, on the plaintiff's behalf. Any losses claimed by the plaintiff as a result of defendant Lublin's trading activities clearly fell within the exclusions of subparagraph 8 of the Insurance Policy which specifically precluded coverage under the Bond for "any loss resulting directly or indirectly from actual or fictitious trading" and Rider Number 10 of the Bond, which limited the Bond's coverage solely to losses arising out of mortgage banking operations *(Glusband v Fittin Cunningham & Lauzon,* 892 F2d 208, 210).

Plaintiff failed to raise an issue of act as to the existence of a covered loss under the applicable Insurance Agreement of the Bond, which requires that its loss arise solely and directly from a dishonest or fraudulent act of defendant Lublin "committed with the manifest intention of making improper personal financial gain" for himself *(see, Leucadia, Inc. v Reliance Ins. Co.,* 864 F2d 964, 972, *cert denied* 490 US 1107; *Municipal Sec. v Insurance Co.,* 829 F2d 7, 9; *National Bank v Basham,* 142 AD2d 532, 533-534, *affd for reasons stated* 73 NY2d 1000).

The IAS Court did not abuse its discretion in awarding

defendant Lloyds taxable disbursements in the amount of $3,125.75 incurred in the taking of the depositions of non-party, out-of-State, witnesses (CPLR 8106). Concur—Rosenberger, J. P., Wallach, Kupferman, Ross and Rubin, JJ.